UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA ROBERT JAMES CRUICKSHANK,<br><br>                     Plaintiff,<br>   v.<br><br>PIERCE COUNTY JAIL, et al.,<br><br>                     Defendants. | No. C09-5089 RJB/KLS<br><br>**ORDER TO AMEND** |

Before the Court is the Motion to Dismiss of Defendants William Cruz, Lieutenant Whiteford, and Pierce County Jail. Dkt. 10. Defendants move for dismissal of Plaintiff's Complaint (Dkt. 5), pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that the Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies, failed to state a claim upon which relief may be granted, and because the Defendants are entitled to qualified immunity.

Mr. Cruckshank did not file a response to the motion to dismiss and his failure to do so may be deemed an admission that Defendants' motion has merit pursuant to Local Rule 7 (b)(2).

Having carefully reviewed the parties' pleadings, the Court is inclined to recommend granting Defendants' motion in part as to portions of the Complaint. Before doing so, however, it shall give Plaintiff an opportunity to file an amended complaint to attempt to cure the deficiencies noted herein.

ORDER TO AMEND- 1

## I. BACKGROUND

Plaintiff filed his motion for leave to proceed *in forma* pauperis and proposed complaint on February 17, 2009. Dkt. 1. In his Complaint, Plaintiff alleges that on November 17, 2008, he filed a grievance against Officer Cruz for officer misconduct and harassment because he was ordered to do a physically demanding workout as a sanction although he had violated no rule. Dkt. 5, p. 3. Plaintiff alleges he was subjected to humiliation for Officer Cruz's personal entertainment. *Id*. While performing the workout, Plaintiff alleges that he was a victim of constant verbal harassment. *Id*.

Plaintiff states that he is suing Lt. Whiteford because "there has been no resolution of this incident that happened over two months ago." *Id*.

Plaintiff states that he is suing the Pierce County Sheriff Department Corrections Division for lack of proper training and lack of timely resolution to a "problem that has happened more than once with this same Officer Cruz." *Id*.

## II. STANDARD OF REVIEW

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Pena*, 976 F.2d at 471.

Before the court "may dismiss a pro se complaint for failure to state a claim, it "must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); see also *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## II. DISCUSSION

**A.  Exhaustion – Legal Standards Applicable to Non-Enumerated Rule 12(b) Motion to Dismiss**

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether

ORDER TO AMEND- 3

they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 532 U.S. 516, 532 (2002).

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. *Id.* at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. *Jones v. Bock*, 549 U.S. 199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Wyatt v. Terhune*, 315 F.3d 1108, 1117-19 (9th Cir.), *cert. denied sub nom. Alameida v. Wyatt*, 540 U.S. 810 (2003). The defendants bear the burden or raising and proving the absence of exhaustion. *Wyatt*, 315 F.3d at 1119.

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.*. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." *Id.* at 1120 n. 14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120. *See also Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005), *cert.denied* 549 U.S. 1204 (2007). On the other

ORDER TO AMEND- 4

hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." *Jones*, 549 U.S. at 221.

Prison officials may not render the administrative process unavailable through misconduct and then take advantage of a prisoner's failure to complete the process. *See, e.g., Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."). *See also Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (possible exceptions to the PLRA exhaustion requirement include when administrative procedures are unavailable and when prison officials obstruct a prisoner's attempt to exhaust); *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'"). A delay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is, in fact, available for purpose of the exhaustion requirement under the PLRA. *Brown*, 422 F.3d at 942.

In this case, Defendants argue that dismissal is appropriate because it is clear from the face of the complaint that Mr. Cruickshank began, but did not complete the grievance process at the Pierce County Jail. Dkt. 10, p. 4. In his Complaint, Plaintiff indicates that he filed a grievance, but that the grievance process is not complete. Dkt. 5, p. 2. Plaintiff also alleges that his grievance has been pending since November 17, 2008 and that despite assurances, his grievance had not been resolved at the time he filed his lawsuit on February 17, 2009. Dkt. 1.

More importantly, however, Defendants have provided no evidence disputing Plaintiff's allegations in this regard. Nor have Defendants explained what grievance process was available to Plaintiff at the Pierce County Jail. The Court, therefore, finds that Defendants have failed to carry their burden of showing that Plaintiff failed to exhaust available administrative remedies

ORDER TO AMEND- 5

prior to filing this action and recommends that Defendants' motion to dismiss Plaintiff's complaint due to a failure to exhaust administrative remedies prior to filing suit should be denied.

**B.      Eighth Amendment Claims of Verbal and Physical Abuse Against Officer Cruz**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain ...." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir.1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious ...." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). Second, the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety ...." *Farmer,* 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Id.* at 835; *Frost*, 152 F.3d at 1128.

ORDER TO AMEND- 6

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue ...." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). "The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." *Id.* at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." *Id.* at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quotations and citations omitted).

Here, Plaintiff alleges generally, that Officer Cruz subjected him to "a physically demanding workout for a sanction," although he "had violated no rule and was subject to humiliation and his personal entertainment. While performing the workout [he] was a victim of constant verbal harassment." Defendants argue that allegations of verbal harassment and abuse alone are insufficient to state a claim under 42 U.S.C. § 1983.

"[V]erbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 9th Cir. 1996)(disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment)(implying that harassment "calculated to…cause [the prisoner] psychological damage" might state an Eighth Amendment claim) (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) *amended by* 135 F.3d 1318 (9th Cir. 1998).

Mr. Cruickshank also alleges that he was "subject to humiliation" and was Officer Cruz's "personal entertainment." These allegations are vague and conclusory as they do not identify what was said, when it was said, and the circumstances surrounding what occurred. Mr. Cruickshank

ORDER TO AMEND- 7

has failed to state whether there were other prisoners or officers who witnessed the alleged event. As to the allegation that he was ordered to do a "physically demanding workout for a sanction" and that he "had violated no rule," Mr. Cruickshank similarly needs to provide more specific allegations describing when, where and the circumstances surrounding the nature of the workout he was ordered by Officer Cruz to perform.

**C.      Claim Against Lt. Whiteford**

Here, Mr. Cruickshank alleges that he is "bringing Lt. Whiteford in on this because there has been no resolution for this incident that happened over two months ago. He's told me there [sic] working on it but I don't believe it takes this long." Dkt. 5, p. 3.

Plaintiff's claims arise from his inability to exhaust the prison's administrative grievance procedure. He is alleging that Lt. Whiteford has failed to process his grievance in a timely manner and consequently, has denied him the ability to exhaust his claims as required by 42 U.S.C. § 1997e(a).

The Due Process Clause protects against the deprivation of liberty without due process of law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In order to invoke the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id*. Liberty interests created by state law are "generally limited to freedom from restraint which… imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Myron v. Terhune*, 476 F.3d 716 (9th Cir. 2007).

Mr. Cruickshank's allegations concerning the grievance process and its deficiencies "[do] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 515 U.S. at 484-86; *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.

ORDER TO AMEND- 8

2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner).

Because Plaintiff does not have a liberty interest at stake with respect to the inmate appeals process, his allegations do not give rise to a claim for relief under Section 1983 for violation of the Due Process Clause. Thus, absent some personal involvement by Lt. Whiteford in the alleged unlawful conduct, he cannot be held liable under § 1983 for failing to process the grievance. Plaintiff shall be given an opportunity to amend his complaint to omit his allegations against this defendant.

**D.     Municipal Liability – Allegations Against Pierce County Sheriff's Department**

Under § 1983, a municipality may be held liable only when the "execution of the [municipality's] policy or custom…inflicts the injury," and it may not be held liable on a theory of respondeat superior. See *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). "While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on the violation of constitutional rights." *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir.1994). "The inadequacy of police training may serve as the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* (*citing City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

In this case, Mr. Cruickshank alleges that he hold[s] the "Piece County Sheriff Dept. Corrections Division Responsible…for lack of proper training and lack of a timely resolution to a problem that has happened more than once with this same Officer Cruz." Dkt. 5, p. 3.

To the extent that Plaintiff's claim for municipal liability is based on a theory that the Pierce County Jail is liable for failing to adequately train its officers to timely process a

ORDER TO AMEND- 9

grievance, such a claim is not cognizable under Section 1983 for the reasons explained above. Mr. Cruickshank has no due process right in the grievance process and cannot establish a constitutional violation against an individual officer for failure to timely process a grievance. Therefore, he cannot pursue a claim against the Pierce County Jail for failure to train one of its officers for failure to timely process the grievance.

To the extent that Plaintiff's claim for municipal liability is based on a theory that the Pierce County Jail is liable for failing to adequately train Officer Cruz, the cases of *Blackenhorn v. City of Orange*, 485 F.3d 463 (9th Cir.2007) and *Alexander v. City of County of San Francisco*, 29 F.3d 1355, 1397 (9th Cir. 1994) are instructive. In those cases, the Ninth Circuit held that evidence of failure to train a single officer is insufficient to establish a municipality's "deliberate" or "conscious" choice required under *Canton*.

In this case, it is not clear from Mr. Cruickshank's allegations whether he is alleging that the Pierce County Sheriff's Department failed to properly train only Officer Cruz or more officers. It is also not clear from his allegations whether he is alleging that the lack of training was for the processing of grievances or for Officer Cruz's alleged harassing behavior. Accordingly, Mr. Cruickshank shall be given an opportunity to amend his complaint to set forth his allegations against the Pierce County Sheriff's Department in more detail.

**E.     Qualified Immunity**

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

ORDER TO AMEND- 10

Defendants argue that they are entitled to qualified immunity because no reasonable officer would have knowledge based on existing case law and the amount of verbal harassment and the corporal punishment alleged, that they would be violating Plaintiff's constitutional rights. Dkt. 10, p. 9. However, qualified immunity is available as an affirmative defense when money damages are sought; it does not bar actions for declaratory or injunctive relief. *American Fire, Theft & Collision Managers, Inc. v.* Gillespie, 932 F.2d 816, 818 (9th Cir.1991). In this case, Mr. Cruikshank has not included a request for money damages in his complaint.[1] As Mr. Cruickshank will be granted leave to file an amended complaint relating to his allegations that he was retaliated against for pursuing civil rights litigation, Defendants' motion to dismiss must be re-noted or re-submitted once an amended complaint has been filed.

Mr. Cruickshank's amended complaint under § 1983 shall consist of a **short and plain statement** showing that he is entitled to relief. He shall allege with specificity the following:

(1) The names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;
(2) The dates on which the conduct of each Defendant allegedly took place;
(3) The specific conduct or action Plaintiff alleges is unconstitutional; and
(4) A demand for the relief sought, which may include relief in the alternative or different types of relief.

Mr. Cruickshank shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint. Mr. Cruickshank is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr.

---

[1] If Mr. Cruickshank amends his complaint to include a demand for money damages, he is advised that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see also 28 U.S.C. § 1346(b)(2) (similar provision added to the Federal Tort Claims Act). This provision "requires a showing of physical injury that need not be significant but must be more than de minimus." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

ORDER TO AMEND- 11

Cruickshank shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C09-5089RJB/KLS must be written in the caption**.

It is, therefore, **ORDERED:**

(1) That Plaintiff is granted leave to file an amended complaint entitled "Amended Complaint" **on or before August 7, 2009,** to correct the deficiencies noted herein. The Amended Complaint will act as a complete substitute for all previously filed complaints in this action. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for prisoners.

(2) Defendants' motion to dismiss (Dkt. 10) shall be stricken from the Court's docket. Defendants may re-note or resubmit their motion once an amended complaint has been filed by Plaintiff.

(3) The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 13th day of July, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND- 12